# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 16 B 30459 |
| KIMBERLEY MH BOLDEN | ) Chapter 13 |
| | ) |
| Debtor(s) | ) Judge Jack B. Schmetterer |

## NOTICE OF MOTION

To: Christine H. Clar, Esq., David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090 - by electronic notice through ECF
Kimberley MH Bolden, 1929 North Howe Street, Unit 1E, Chicago, IL 60614
Tom Vaughn, Trustee, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603 - by electronic notice through ECF

**PLEASE TAKE NOTICE** that on **November 15, 2017** at **9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Jack B. Schmetterer at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604 or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there move this court pursuant to the attached Motion for Relief from the Automatic Stay or in the Alternative to Dismiss Debtor's Chapter 13 Bankruptcy, at which time and place you may appear. A copy of said Motion is attached hereto and herewith served upon you.

HOWE COURT CONDOMINIUM
ASSOCIATION

/s/ Ronald J. Kapustka
By: Ronald J. Kapustka

### Certificate of Service

The undersigned certifies that he caused a copy of the foregoing Notice and Motion for Relief from the Automatic Stay or in the Alternative to Dismiss Debtor's Chapter 13 Bankruptcy Case to be served upon the above named parties by depositing the same in the U.S. Mail, postage pre-paid, before the hour of 5:00 pm on November 7, 2017.

/s/ Ronald Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CHOW001-61002)

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CHOW001\61002\3385312.v1-11/7/17

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 16 B 30459 |
| KIMBERLEY MH BOLDEN | ) Chapter 13 |
| | ) |
| Debtor(s) | ) Judge Jack B. Schmetterer |

### MOTION OF HOWE COURT CONDOMINIUM ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY OR IN THE ALTERNATIVE TO DISMISS DEBTOR'S CHAPTER 13 BANKRUPTCY

HOWE COURT CONDOMINIUM ASSOCIATION, a secured creditor, by and through its attorneys, by Ronald J. Kapustka, moves this Court pursuant to 11 U.S.C. Sec. 362, to modify the automatic stay heretofore entered in this cause, or in the alternative, pursuant to 28 U.S.C. Sec. 1307, to dismiss the Debtor's Chapter 13 bankruptcy and in support states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and the general orders of the Northern District of Illinois.

2. Venue is fixed in this Court pursuant to 28 U.S.C. §1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

4. On or about September 26, 2016, Kimberley MH Bolden filed her Petition under Chapter 13 of the United States Bankruptcy Code.

5. Creditor and Movant, Howe Court Condominium Association ("Association") is incorporated under the laws of the State of Illinois as a non-for-profit corporation and is charged with the authority to administer the subject premises pursuant to the Declaration for the Association (hereinafter referred to as "Declaration"), duly recorded with the office of the Recorder of Deeds.

6. Debtor is the legal owner of the property commonly known as 1929 North Howe Street, Unit 1E, Chicago, Illinois which is subject to the terms and conditions of the Declaration.

7. The Declaration gives the Association the right to collect assessments from owners such as the Debtors herein and to maintain forcible entry and detainer actions and to recover attorneys' fees and costs from owners who fail to stay current on their assessments. Unpaid assessments are a lien on the property pursuant to the terms of the Declaration.

8. The Debtor has defaulted with respect to her obligations pursuant to the terms of the Declaration and that she has failed to pay assessments and common expenses as required pursuant to the terms of the Declaration. As of the date hereof, there is due and owing to the Association a pre-petition amount in the sum of $1,860.61 (Minus any payments made by the Trustee) and a post-petition amount in the sum of $6,039.82 in assessments, fees, and costs through November 7, 2017as evidenced by the Statement of Default filed herewith.  Further, that since the filing of the instant case, the Debtor has made **NO** post-petition assessment payments to the Association.

9. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C.§362 of the Bankruptcy Code upon Debtor(s) filing the instant case.

10. As a result of the above, the Association lacks adequate protection of its interest in the subject property for the reason that the Debtor has not made timely monthly assessments payments due under the Declaration as required.

11. Upon information and belief, the Debtor continues to enjoy the benefits of the common elements and services provided by the Association without making any contribution to the common expenses arising therefrom.

12. If the Association is not legally permitted to proceed with its forcible entry and detainer complaint and to protect its interest in the above-described property and to collect

NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CHOW001\61002\3385312.v1-11/7/17

assessments post-petition; as well as to file its lien on the property, it will suffer irreparable injury, loss and damage, as will the other unit owners in the Association.

13. This property is not necessary for an effective reorganization nor is it necessary to the bankruptcy estate.

14. This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and creditor requests this Court so order.

**WHEREFORE**, Howe Court Condominium Association prays that upon final hearing of this Motion, the Stay pursuant to 11 U.S.C. Sec. 362 be modified so as to permit the Association to proceed and file its forcible entry and detainer action and/or to enforce its Order for Possession previously granted in its forcible entry and detainer action, and to file its lien on the property, and to proceed against the Debtors to collect pre and post-petition assessments, or in the alternative, that the Debtor's Chapter 13 bankruptcy be dismissed for failure to make payments and that Howe Court Condominium Association have such other and further relief as this Court deems just and equitable.

        HOWE COURT CONDOMINIUM
        ASSOCIATION

        By:   /s/ Ronald J. Kapustka
             Ronald J. Kapustka

Ronald J. Kapustka
Kovitz Shifrin Nesbit
175 North Archer Ave., Mundelein, IL 60060
Tel. (847) 537-0500 / Fax (847) 537-0550
rkapustka@ksnlaw.com; ndaily@ksnlaw.com
ARDC No. 6203095
KSN FILE (CHOW001-61002)

NOTE:  Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
iManage\CHOW001\61002\3385312.v1-11/7/17