UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Kimberly M.H. Bolden, | ) | Case No. 16-30459 |
| | ) | |
| Debtor. | ) | Hon. Judge Schmetterer |

## NOTICE OF OBJECTION

TO: See attached service list.

**PLEASE TAKE NOTICE** that on June 23, 2021, at 10:00 a.m. I will appear before the Honorable Judge Jack B. Schmetterer, or any judge sitting in that judge's place, and present Debtors' Objection to Proof of Claim 6-2 filed by US Bank National Association as Trustee of the Cabana Series IV Trust, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the **meeting ID 161 414 7941** using **password 619**.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252, 1-646-828-7666, 1-551-285-1373, or 1-669=216-1590. Then enter the meeting ID 161 414 7941 and password 619.

**If you object to this motion/objection** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Movant(s): Kimberly M.H. Bolden
By: Michael R. Colter, II
David M. Siegel & Assoc., LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100 mcolter@davidmsiegel.com

## CERTIFICATE OF SERVICE

I, Michael R. Colter, II, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on May 18, 2021, before 6:00 p.m.

*To the following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee
M.O. Marshall, Chapter 13 Trustee: ecf@55chapter13.com
SN Servicing Corporation: bknotices@snsc.com
Sottile and Barile, Attorneys for SN Servicing Corp: bankruptcy@sottileandbarile.com

*To the following persons or entities who have been served via U.S. Mail:*

Kimberly Bolden
1929 N. Howe St., #1E
Chicago, IL 60614

SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 13** |
| | ) | |
| **Kimberly M.H. Bolden,** | ) | **Case No. 16-30459** |
| | ) | |
| **Debtor.** | ) | **Hon. Judge Schmetterer** |

## DEBTOR'S OBJECTION TO CLAIM 6-2 FILED BY US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST

NOW COMES the Debtor, Kimberly M. H. Bolden, by and through her attorneys, David M. Siegel & Associates, LLC, to present her Objection to Proof of Claim 6-2 filed by US Bank National Association as Trustee of the Cabana Series IV Trust (US Bank) and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division.

2. Debtor filed for relief under Chapter 13 on September 26, 2016. Tom Vaughn was appointed trustee in this case.

3. Selene Finance LP filed Claim 6-1 on February 7, 2017. Claim 6-1 states the amount of the secured claim as $155,667.72. The claim states the amount necessary to cure any default as of the date of the petition is $0.00 (Exhibit A).

4. US Bank filed what they contend is an amended proof of claim on April 22, 2020. However, this claim treats the claim entirely different from Claim 6-1. Claim 6-1 states there are no arrears and the amount necessary to cure any default as of the date of the petition is $0.00. Claim 6-2 alleges the loan matured before filing and states the amount

to cure the default at the time the petition was filed is the entire amount of the loan (Exhibit B).

5. Claim 6-2 cannot be treated as an amended claim because it changes the nature of the claim to one that should have been paid in its entirety during the bankruptcy. If the loan came due before filing the petition, then the creditor should have required full payment of the loan during the 60 month commitment period. The creditor did not do this. Instead, the creditor filed what should be viewed as a new claim in month 43 of the plan.

6. Claim 6-2 should be treated as a new claim and should be denied as a late filed claim under Bankruptcy Rule 3002.

7. In *Holstein v. Brill*, 987 F.2d 1268 (7th Cir. 1993), the Seventh Circuit held that the relation back criteria of Federal Rule of Civil Procedure 15(c) is an insufficient basis for allowing a creditor to amend its proof of claim. *Id.* at 1270.

8. The creditor in *Holstein* sought to increase the amount of his proof of claim after confirmation of the debtor's plan. The court in *Holstein* looked to what they called milestones in a debtor's bankruptcy to determine whether amendments should be freely allowed as long as they relate back as Fed.R.Civ.P. 15 allows. The first milestone is the claims bar date. Once the claims bar date has passed, the court retains broad discretion to allow or deny proposed amendments and amendments that increase the amount owed may be allowed.

9. The court in *Holstein* next looked at the second milestone in bankruptcy. The second milestone is confirmation of a plan. The court stated that confirmation of a plan greatly limits the circumstances in which amendments will be allowed.

> Confirmation of the plan of reorganization is a second milestone, equivalent to final judgment in ordinary civil litigation. Once that milestone has been reached, further changes should be allowed only for compelling reasons. Modification of a confirmed and substantially consummated plan is forbidden except to the limited extent 11 U.S.C. § 1127 permits. Post-confirmation amendments make an end run around these provisions and may throw monkey wrenches into the proceedings, making the plan infeasible or altering the distributions to remaining creditors. Small claims may be conceded, while larger ones may be contested.

*Id.* at 1270 (internal citations and quotations omitted).

> And whether or not late-breaking claims affect third parties' entitlements, they assuredly disrupt the orderly process of adjudication. To every thing there is a season, and the season for stating the amount of a debt is before the confirmation of a plan of reorganization.

*Id.* at 1271.

10. The court in *Holstein* scrutinized the reason for the delay. The court noted the creditor received notice of the claims bar date, possessed all of the relevant documents and information prior to the deadline, and did not allege the debtor somehow hindered their effort to file an accurate claim. The Seventh Circuit reversed the bankruptcy court's decision to allow the amendment and strongly cautioned against allowing post-confirmation claim amendments absent "compelling" and "cogent" reasons. *Id.* at 1270-71.

11. Although the claim has been transferred from one creditor to another during this bankruptcy, the initial creditor had notice of the claims bar date and filed a proof of claim stating the pre-petition arrears were $0.00. US Bank's claim was filed nearly three years after the plan was confirmed and would treat the claim entirely different. Based on the reasoning in *Holstein v. Brill*, Claim 6-2 should be denied as a late filed claim.

WHEREFORE, pursuant to Bankruptcy Rule 3002 and the case law cited above, the Debtor, Kimberly M. H. Bolden, respectfully requests this honorable Court enter an order sustaining Debtor's Objection to Proof of Claim 6-2 filed by US Bank National Association as Trustee of the Cabana Series IV Trust and for such other and further relief as the Court shall deem proper.

Respectfully Submitted,

/s/ Michael R. Colter, II
Michael R. Colter, II, ARDC #6304675

DAVID M. SIEGEL & ASSOCIATES
Attorneys for Debtor(s)
790 Chaddick Drive
Wheeling, IL 60090
847/520-8100