# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| In Re: | Case No. 16-30459 |
| Kimberley MH Bolden | Chapter 13 |
| Debtor(s). | Hon. Judge Jack B. Schmetterer |

## NOTICE OF MOTION TO COMPEL

**VIA ELECTRONIC NOTICE:**

    M.O. Marshall, Trustee, ecf@55chapter13.com

    Christine H Clar, Counsel for Debtor, author@proofofpayments.com

    David M Siegel, Counsel for Debtor, davidsiegelbk@gmail.com

**VIA U.S. MAIL:**

    Kimberley MH Bolden, Debtor
    1929 N. Howe Street, Unit #1E
    Chicago, IL 60614

PLEASE TAKE NOTICE that on June 11, 2021, we have electronically sent for filing with the Clerk of the U.S. Bankruptcy Court, a Motion of US Bank Trust National Association as Trustee of the Cabana Series IV Trust to Compel, a copy of which is hereto attached.

Please take notice that on June 23, 2021 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Cassling in place of Honorable Judge Schmetterer, or any judge sitting in that judge's place, and present the attached ***Motion of US Bank Trust National Association as Trustee of the Cabana Series IV Trust to Compel,*** which has been electronically filed this date with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, a copy of which is hereby attached and served upon you by electronic notice or U.S. Mail.

**This motion will be presented and heard electronically using Zoom for Government.**
No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing.

Dated: June 11, 2021  Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the above-named parties by electronic filing or, as noted above, by placing same in a properly addressed and sealed envelope, postage prepaid, and depositing it in the United States Mail at 394 Wards Corner Rd., Suite 180, Loveland, OH 45140 on June 11, 2021, before the hour of 5:00 p.m.

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Attorney for Movant

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| In Re: | Case No. 16-30459 |
| Kimberley MH Bolden | Chapter 13 |
| Debtor(s). | Hon. Judge Jack B. Schmetterer |

**RENEWED MOTION OF US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST TO COMPEL THE CHAPTER 13 TRUSTEE TO COMMENCE DISTRIBUTION OF PAYMENTS TO CREDITOR ON AMENDED PROOF OF CLAIM NO. 6**

NOW COMES US Bank Trust National Association as Trustee of the Cabana Series IV Trust (hereinafter, "Movant"), a secured creditor herein, by and through its attorneys, the law firm of Sottile & Barile, LLC, and hereby files this Motion to Compel and states as follows in support of this Motion:

1. Creditor holds the first residential mortgage on the Debtor's residence located at 1929 N. Howe Street, Chicago, IL 60614. On June 21, 2017, Debtor's Chapter 13 Plan was confirmed. Debtor's Confirmed Plan indicated that Creditor's pre-petition mortgage arrearage amount of $98,568.50 would be paid through the Chapter 13 Plan.

2. Creditor's original proof of claim was filed timely, and had all the necessary loan documents attached thereto. Creditor filed an arrearage claim, but incorrectly filed it in the amount of $0.00 which was a mistake. This was obviously a mistake, as the loan had matured prior to filing and the arrearage was quite high--- as indicated by the Plan. On April 22, 2020, Creditor amended its proof of claim, to effectuate proper distributions from the Trustee. The amended proof of claim did not change the nature of the arrearage claim, simply the amount of the arrearage. However, the Chapter 13 Trustee will not make payments on the amended proof of claim, as she is apparently seeking direction from the Court, or for the parties to amicably resolve the matter.

3. As the original claim was an arrearage claim in the amount of $0.00 and that was a mistake, it may be amended to correct the arrearage amount after the bar date.

4. Movant's original Motion to Compel was filed on July 28, 2020 as docket number 100. On September 22, 2020, Movant withdrew its original Motion to Compel, in an attempt to try to resolve the matter amicably with debtor counsel, per Debtor Counsel Robert Bansfield Jr.'s e-mail received at 2:12 PM E.S.T.

5. On October 12, 2020, a different Debtor Counsel, Michael Colter, sent the below e-mail to Counsel for Creditor:

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Monday, October 12, 2020 5:52 PM
**To:** Bankruptcy <Bankruptcy@sottileandbarile.com>
**Subject:** Kimberly Bolden 16-30459

Hi Mr. Lieberman:

I hope your week is off to a good start. Can you provide me with a contact phone number or email address that I can send to Ms. Bolden so she can begin the loan modification process?

Thank you.

Sincerely,

Michael R. Colter, II

Attorney at Law

6. On November 3, 2020, Counsel for Creditor's office forwarded a loss mitigation package to Debtor Counsel, which Debtor Counsel acknowledged receipt of, per the below e-mail chain.

**From:** Melissa Poff
**Sent:** Tuesday, November 3, 2020 2:00 PM
**To:** 'Michael Colter' <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459

Hello,

Please see attached Loss Mit Package.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Tuesday, November 3, 2020 2:06 PM
**To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459

Thank you. I have forwarded the packet to Ms. Bolden.

7. On December 7, 2020, Debtor Counsel responded per the below e-mail.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Monday, December 7, 2020 3:48 PM
**To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459

Good Afternoon,

I am told they will be faxed to the mortgage company no later than December 14th.

8. On December 22, 2020, Debtor Counsel sent the below status e-mail.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Tuesday, December 22, 2020 4:17 PM
**To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459

The packet was not sent in on the 14th. Ms. Bolden is awaiting a property tax statement. Should she send the packet without the property tax statement?

9. On December 23, 2020, the following e-mail chain occurred between Counsel for Creditor's office, and Counsel for Debtor.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Wednesday, December 23, 2020 12:38 PM
**To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459

Ms. Bolden will be mailing the packet today. She will then send the property tax document later.

Sincerely,

Michael R. Colter, II

Attorney at Law

**From:** Melissa Poff
**Sent:** Wednesday, December 23, 2020 11:34 AM
**To:** 'Michael Colter' <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459

Per my client, She can send in separately but must send the property tax statement for the mod packet to be reviewed.

10. As of January 31, 2021, Creditor had not received the required information. The Debtor sent the below e-mail to Counsel for Creditor's office. Ms. Poff is not an attorney.

From: kmhbolden <kmhbolden@aol.com>
Sent: Sunday, January 31, 2021 9:02 AM
To: Melissa Poff <Melissa.Poff@sottileandbarile.com>
Subject: Loan modification documents

Dear Attorney Poff: I would like to apologize that you did not receive my packet initially. It was mailed January 4th. I am emailing everything that I sent to you previously. Thank you. Kimberley Bolden

11. On February 4, 2021, Counsel for Creditor's office sent Debtor Counsel the below message:

**From:** Melissa Poff
**Sent:** Thursday, February 4, 2021 2:50 PM
**To:** Michael Colter <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459

Hello,

I just rec'd an email from my client contact, she said that the paystubs are old. They will need December and January. She also doesn't see a lien holder listed on the Travelers Condo policy.

12. During February 2021 and March 2021, there were multiple communications, such as below, between Counsel for Creditor and Debtor Counsel concerning the need for the correct lienholder to appear on the requisite insurance policy. That issue was resolved.

> **From:** Melissa Poff
> **Sent:** Monday, March 8, 2021 11:58 AM
> **To:** 'Michael Colter' <mcolter@davidmsiegel.com>
> **Subject:** RE: Kimberly Bolden 16-30459

Hello,

Attached is the scan received from you client. The policy is on page 8 and 17-19. We are still in need of a policy that shows the correct lienholder.

> **From:** kmhbolden <kmhbolden@gmail.com>
> **Sent:** Sunday, March 14, 2021 2:56 PM
> **To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>; Michael Colter <mcolter@davidmsiegel.com>
> **Subject:** Fwd: StrategicPolicySummary.aspx.pdf

Hello everyone: I requested the Travelers send this to you in pdf format, please let me know if this is what you need, thank you and have a nice afternoon

13. As of April 23, 2021, Creditor had completed its review of the Debtor's information, and sent the below e-mail to Debtor Counsel Michael Coulter after speaking with him. (The reference to David was a mistake, as this is David Siegel's law office) The e-mail ends with the statement: "Please let me know what your client is thinking in relation to terms." Counsel for Debtor's responsive e-mail stating that he would e-mail Counsel for Creditor follows:

> **From:** Jon Lieberman <Jon.Lieberman@sottileandbarile.com>
> **Sent:** Friday, April 23, 2021 10:21 AM
> **To:** mcolter@davidmsiegel.com
> **Cc:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
> **Subject:** Kimberly Bolden 16-30459/ SN Servicing
> **Importance:** High

Hi David.  It was a pleasure speaking with you.   My client would ask that their amended proof of claim amount of $155667.72 plus any post-petition escrow advances be repaid over 5 years at an agreeable rate.  The borrower would pay taxes and insurance directly.  This agreement could extend past the bankruptcy. We would work out details around a notice of default before taking any future action against borrower.  Approximately $2,450.00 a month is what the payment would have to be to repay this over 60 months, higher when interest is included.  Please let me know what your client is thinking in relation to terms.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Friday, April 23, 2021 2:02 PM
**To:** Jon Lieberman <Jon.Lieberman@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459/ SN Servicing

 Received, I will take a look at the case and speak with my client.  After that I will email you.

14. As of May 17, 2021, neither Counsel for Creditor, nor Creditor, ever received a response to that April 23, 2001 e-mail.  A review of Counsel for Creditor's office and cell phone account records indicates no incoming calls from Debtor Counsel's office between those dates.  Therefore, it was Creditor's understanding that the Debtor was no longer interested in attempting to amicably resolve the matter and that settlement discussions had concluded.  Creditor therefore finds itself in the same situation as before. Creditor does want the Court to know that it is still interested in amicably resolving the matter, and is open to receiving a response to Counsel for Creditor's May 17, 2021 e-mail.

**WHEREFORE**, Movant prays this Court enter an Order granting the Motion to Compel, and for such other and further relief as this Court may deem just and proper.

Dated: June 11, 2021                                             Respectfully Submitted,

                                                                /s/ Jon J. Lieberman
                                                                Jon J. Lieberman (OH 0058394)
                                                                Sottile & Barile, Attorneys at Law
                                                                394 Wards Corner Road, Suite 180
                                                                Loveland, OH 45140
                                                                Phone: 513.444.4100
                                                                Email: bankruptcy@sottileandbarile.com
                                                                Attorney for Movant

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# CHICAGO DIVISION

| | |
|---|---|
| In Re: | Case No. 16-30459 |
| Kimberley MH Bolden | Chapter 13 |
| Debtor(s). | Hon. Judge Jack B. Schmetterer |

**ORDER GRANTING RENEWED MOTION OF US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST TO COMPEL THE CHAPTER 13 TRUSTEE TO COMMENCE DISTRIBUTION OF PAYMENTS TO CREDITOR ON AMENDED PROOF OF CLAIM NO. 6**

This cause coming before the Court upon the Motion of CREDITOR, to compel the Chapter 13 Trustee to commence distribution of payments to Creditor on amended proof of claim no. 6, due notice having been given, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. That the Motion of CREDITOR to compel the Chapter 13 Trustee to commence distribution of payments to Creditor on amended proof of claim no. 6 is hereby granted.