# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION CHICAGO

| | |
|---|---|
| In Re: | Case No. 16-30459 |
| Kimberley MH Bolden | Chapter 13 |
| Debtor. | Hon. Judge Jack B. Schmetterer |

## RESPONSE TO OBJECTION TO CLAIM 6-2 FILED BY US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES IV TRUST (DOC NO 124)

**NOW COMES** US Bank Trust National Association as Trustee of the Cabana Series IV Trust, and/ or its assigns (hereinafter "Creditor"), by and through its attorneys, Sottile & Barile LLC, and files this Response to Objection to Claim 6-2 (DOC NO 124). Creditor states as follows:

1. Creditor holds the first residential mortgage on the Debtor's residence located at 1929 N. Howe Street, Chicago, IL 60614. On June 21, 2017, Debtor's Chapter 13 Plan was confirmed. Debtor's Confirmed Plan indicated that Creditor's pre-petition mortgage arrearage amount of $98,568.50 would be paid through the Chapter 13 Plan.

2. Creditor's original proof of claim was filed timely, and had all the necessary loan documents attached thereto. Creditor filed an arrearage claim, but incorrectly filed it in the amount of $0.00 which was a mistake. Section 9 of the original arrearage claim does not include the verbiage "nothing" or "N/A." There is an incorrect dollar amount of $0.00. This was obviously a mistake, as the loan had matured prior to filing and the arrearage was quite high--- as indicated by the Plan. On April 22, 2020, Creditor amended its proof of claim, to effectuate proper distributions from the Trustee. The amended proof of claim did not change the nature of the arrearage claim, simply the amount of the arrearage. However, the Chapter 13 Trustee will not make payments on the amended proof of claim, as she is apparently seeking direction from the Court, or for the parties to amicably resolve the matter.

3. As the original claim was an arrearage claim in the amount of $0.00 and that was a mistake, it may be amended to correct the arrearage amount after the bar date.

4. Movant's original Motion to Compel was filed on July 28, 2020 as docket number 100. On September 22, 2020, Movant withdrew its original Motion to Compel, in an attempt to try to resolve the matter amicably with debtor counsel, per Debtor Counsel Robert Bansfield Jr.'s e-mail received at 2:12 PM E.S.T.

5. On October 12, 2020, a different Debtor Counsel, Michael Colter, sent the below e-mail to Counsel for Creditor:

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Monday, October 12, 2020 5:52 PM
**To:** Bankruptcy <Bankruptcy@sottileandbarile.com>
**Subject:** Kimberly Bolden 16-30459

Hi Mr. Lieberman:

I hope your week is off to a good start. Can you provide me with a contact phone number or email address that I can send to Ms. Bolden so she can begin the loan modification process?

Thank you.

Sincerely,

Michael R. Colter, II

Attorney at Law

6. On November 3, 2020, Counsel for Creditor's office forwarded a loss mitigation package to Debtor Counsel, which Debtor Counsel acknowledged receipt of, per the below e-mail chain.

**From:** Melissa Poff
**Sent:** Tuesday, November 3, 2020 2:00 PM
**To:** 'Michael Colter' <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459

Hello,

Please see attached Loss Mit Package.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Tuesday, November 3, 2020 2:06 PM
**To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459

Thank you. I have forwarded the packet to Ms. Bolden.

7. **On December 7, 2020, Debtor Counsel responded per the below e-mail.**

    **From:** Michael Colter <mcolter@davidmsiegel.com>
    **Sent:** Monday, December 7, 2020 3:48 PM
    **To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
    **Subject:** Re: Kimberly Bolden 16-30459

    Good Afternoon,

    I am told they will be faxed to the mortgage company no later than December 14th.

8. **On December 22, 2020, Debtor Counsel sent the below status e-mail.**

    **From:** Michael Colter <mcolter@davidmsiegel.com>
    **Sent:** Tuesday, December 22, 2020 4:17 PM
    **To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
    **Subject:** Re: Kimberly Bolden 16-30459

    The packet was not sent in on the 14th. Ms. Bolden is awaiting a property tax statement. Should she send the packet without the property tax statement?

9. On December 23, 2020, the following e-mail chain occurred between Counsel for Creditor's office, and Counsel for Debtor.

    **From:** Michael Colter <mcolter@davidmsiegel.com>
    **Sent:** Wednesday, December 23, 2020 12:38 PM
    **To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
    **Subject:** Re: Kimberly Bolden 16-30459

    Ms. Bolden will be mailing the packet today. She will then send the property tax document later.

    Sincerely,

Michael R. Colter, II

Attorney at Law

**From:** Melissa Poff
**Sent:** Wednesday, December 23, 2020 11:34 AM
**To:** 'Michael Colter' <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459


Per my client, She can send in separately but must send the property tax statement for the mod packet to be reviewed.

10. As of January 31, 2021, Creditor had not received the required information. The Debtor sent the below e-mail to Counsel for Creditor's office. Ms. Poff is not an attorney.

From: kmhbolden <kmhbolden@aol.com>
Sent: Sunday, January 31, 2021 9:02 AM
To: Melissa Poff <Melissa.Poff@sottileandbarile.com>
Subject: Loan modification documents


Dear Attorney Poff: I would like to apologize that you did not receive my packet initially. It was mailed January 4th. I am emailing everything that I sent to you previously. Thank you. Kimberley Bolden

11. On February 4, 2021, Counsel for Creditor's office sent Debtor Counsel the below message:

**From:** Melissa Poff
**Sent:** Thursday, February 4, 2021 2:50 PM
**To:** Michael Colter <mcolter@davidmsiegel.com>
**Subject:** RE: Kimberly Bolden 16-30459

 Hello,

 I just rec'd an email from my client contact, she said that the paystubs are old. They will need December and January. She also doesn't see a lien holder listed on the Travelers Condo policy.

12. During February 2021 and March 2021, there were multiple communications, such as below, between Counsel for Creditor and Debtor Counsel concerning the need for the correct lienholder to appear on the requisite insurance policy. That issue was resolved.

> **From:** Melissa Poff
> **Sent:** Monday, March 8, 2021 11:58 AM
> **To:** 'Michael Colter' <mcolter@davidmsiegel.com>
> **Subject:** RE: Kimberly Bolden 16-30459
>
> Hello,
>
> Attached is the scan received from you client. The policy is on page 8 and 17-19. We are still in need of a policy that shows the correct lienholder.
>
> **From:** kmhbolden <kmhbolden@gmail.com>
> **Sent:** Sunday, March 14, 2021 2:56 PM
> **To:** Melissa Poff <Melissa.Poff@sottileandbarile.com>; Michael Colter <mcolter@davidmsiegel.com>
> **Subject:** Fwd: StrategicPolicySummary.aspx.pdf
>
> Hello everyone: I requested the Travelers send this to you in pdf format, please let me know if this is what you need, thank you and have a nice afternoon

13. As of April 23, 2021, Creditor had completed its review of the Debtor's information, and sent the below e-mail to Debtor Counsel Michael Coulter after speaking with him. (The reference to David was a mistake, as this is David Siegel's law office) The e-mail ends with the statement: "Please let me know what your client is thinking in relation to terms." Counsel for Debtor's responsive e-mail stating that he would e-mail Counsel for Creditor follows:

> **From:** Jon Lieberman <Jon.Lieberman@sottileandbarile.com>
> **Sent:** Friday, April 23, 2021 10:21 AM
> **To:** mcolter@davidmsiegel.com
> **Cc:** Melissa Poff <Melissa.Poff@sottileandbarile.com>
> **Subject:** Kimberly Bolden 16-30459/ SN Servicing
> **Importance:** High

Hi David. It was a pleasure speaking with you. My client would ask that their amended proof of claim amount of $155667.72 plus any post-petition escrow advances be repaid over 5 years at an agreeable rate. The borrower would pay taxes and insurance directly. This agreement could extend past the bankruptcy. We would work out details around a notice of default before taking any future action against borrower. Approximately $2,450.00 a month is what the payment would have to be to repay this over 60 months, higher when interest is included. Please let me know what your client is thinking in relation to terms.

**From:** Michael Colter <mcolter@davidmsiegel.com>
**Sent:** Friday, April 23, 2021 2:02 PM
**To:** Jon Lieberman <Jon.Lieberman@sottileandbarile.com>
**Subject:** Re: Kimberly Bolden 16-30459/ SN Servicing

Received, I will take a look at the case and speak with my client. After that I will email you.

14. As of May 17, 2021, neither Counsel for Creditor, nor Creditor, ever received a response to that April 23, 2001 e-mail. A review of Counsel for Creditor's office and cell phone account records indicates no incoming calls from Debtor Counsel's office between those dates. Therefore, it was Creditor's understanding that the Debtor was no longer interested in attempting to amicably resolve the matter and that settlement discussions had concluded. Creditor therefore finds itself in the same situation as before. Creditor does want the Court to know that it is still interested in amicably resolving the matter, and is open to receiving a response to Counsel for Creditor's May 17, 2021 e-mail.

15. As of this moment, Creditor has yet to receive a reply as to what the Debtor "is thinking in relation to terms." Creditor can only assume that Debtor's Claim objection is another attempt at "grasping for straws", as the Debtor appears unable to propose any affordable cure arrangement. The Debtor has "grasped for straws" previously in this case. Per docket number 104, in Debtor's Objection to the Creditor's original Motion to Compel, at paragraph nine the Debtor states: "Additionally, the stay was modified as to the condo owner's association on November 15, 2017. (See document #59.) Therefore, no payments should have been made to either Wilmington and its successors and assigns or to the condo association." Frankly, Creditor is confused as to what the Debtor's actual argument is for disallowing Creditor's amended proof of claim. Again however, Creditor still welcomes any further attempts to resolve this matter amicably.

**WHEREFORE,** Creditor prays this Court enter an Order overruling the Debtor's Objection to Claim.

Dated: June 14, 2021							Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: Jon.Lieberman@sottileandbarile.com
Attorney for Creditor

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing has been duly electronically noticed to the following parties:

M.O. Marshall, Trustee, ecf@55chapter13.com

Christine H Clar, Counsel for Debtor, author@proofofpayments.com

David M Siegel, Counsel for Debtor, davidsiegelbk@gmail.com

And deposited in the United States mail, postage prepaid, addressed to the following parties:

Kimberley MH Bolden, Debtor
1929 N. Howe Street, Unit #1E
Chicago, IL 60614

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Attorney for Creditor