UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Bankruptcy No. 16 B 30459
KIMBERLY M.H. BOLDEN ) Chapter 13
) Judge Jack B. Schmetterer
Debtor. )

**ORDER**

This matter came before the Court on the objection of Debtor Kimberly Bolden (Dkt. No. 124) to the amended claim filed by U.S. Bank, N.A. on April 22, 2021 (Cl. No. 6-2) and on the motion of U.S. Bank to compel the Chapter 13 Trustee to disburse payments on its amended claim (Dkt. No. 127). For the reasons stated herein, the Court sustains Debtor's objection, denies U.S. Bank's motion, and reaffirms that both Debtor and U.S. Bank are bound by the terms of Debtor's confirmed Chapter 13 plan.

Debtor's plan was confirmed just over four years ago on June 21, 2017. (*See* Dkt. No. 50.) That confirmed plan is treated as a binding contract between a debtor and her creditors under the Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). Upon confirmation, Debtor's plan became "a new and binding contract, sanctioned by the court, between the debtor[] and [her] pre-confirmation creditors[]" upon confirmation. *Breen v. Portfolio Recovery Assocs., LLC*, Case No. 3:18CV759, 2019 WL 2871142, at *3 (E.D. Va. July 3, 2019) (*quoting In re Murphy*, 474 F.3d 143, 148 (4th Cir. 2007)). Accordingly, the Court's confirmation order and terms of the confirmed plan "remain[] enforceable and binding" upon both Debtor and U.S. Bank (and, of course, other parties in interest). *Espinosa*, 559 U.S. at 275 (enforcing a legally erroneous plan term against a creditor who "had notice of the error and failed to object or timely appeal.").

Debtor's confirmed plan requires her both to cure an arrearage of $98,568.50 through Trustee payments and also to make sixty monthly payments of $870 to her mortgagee, U.S. Bank. The confirmed plan therefore requires Debtor to pay the mortgagee a total of $150,768.50.[1]

---

[1] Significantly, the plain language of the confirmed plan itself provides that the arrearage listed in the plan controls "regardless of contrary proofs of claim[.]" (*See* Chapter 13 Plan at § (E)(5), Dkt. No. 46.) This is important, because Debtor's plan was proposed and confirmed prior to the adoption of the current national Chapter 13 plan, which makes various aspects of a proof of claim controlling over certain conflicting terms in a debtor's plan of reorganization. (*See generally* Part 3 of Official Form 113.) As a result, no forfeiture is worked upon the mortgagee by holding it to its original claim, which listed an arrearage of $0. (*See* Cl.

On April 22, 2021, more than 46 months after confirmation of Debtor's plan, U.S. Bank filed its amended claim. (*See* Cl. No. 6-2.) The economic impact of that amended claim, were the objection to be overruled and the motion to be granted (*see* note 1 *supra*), would be to increase the amount owed by Debtor to U.S. Bank by approximately $5,000 over the amount it is scheduled to be paid under the confirmed plan. The alleged reason for this $5,000 increase is that the amended claim would recognize that the note to U.S. Bank matured prepetition, leaving the entire debt to be treated as a prepetition arrearage. U.S. Bank offered no compelling reason why the Court should allow it to receive this additional $5,000 from Debtor, more than four years after confirmation of Debtor's plan.

As a result, Debtor's objection to U.S. Bank's amended claim is sustained and U.S. Bank's motion to compel the Trustee to pay the extra amount sought in the amended claim is denied. Instead, U.S. Bank is entitled to receive only the amount provided to it under Debtor's confirmed plan. Of course, because Debtor is also bound by the terms of her confirmed plan, she must fully comply with its provisions in order to complete her plan and receive a discharge.

**ENTERED:**

DATE: June 23, 2021

*Donald R. Cassling*

**Donald R. Cassling**
**United States Bankruptcy Judge**

---

No. 6-1 at § 9.) Moreover, while Debtor's confirmed plan might authorize a *reduction* on motion to a mortgagee's arrears (*see* Chapter 13 Plan at § (E)(5)), nothing in the terms of Debtor's plan authorizes, as sought here, the opposite.